JAMIR DAVIS, Esq. SBN 98041
**J. DAVIS LAW FIRM, PLLC**
P.O. BOX 122123
COVINGTON, KY 41011
TELE: 859-750-5033
JDAVISLAWKY@GMAIL.COM

ATTORNEY FOR PLAINTIFFS

**UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| CUT IT OUT, LLC, and HEATHER HADDIX<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR ANDY BESHEAR in his official capacity; KENTUCKY TRANSPORTATION CABINET, JENNIFER HOUCHIN; BRIAN DONNELLY And DOES 1-50 in their individual and official capacities.<br><br>Defendants. | CIVIL NO:<br><br>COMPLAINT FOR VIOLATION OF TITLE VII AND 42 USC § 1983<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. This is an action against Governor Andy Beshear (STATE), the Kentucky Transportation Cabinet (KYTC), and individuals, officials, and employees of KYTC, Jennifer Houchin and Brian Donnelly.

2. Cut It Out, LLC (CIO) is a landscaping and snow removal business owned by Plaintiff Heather Haddix.

3. In 2020 Cut It Out, LLC purchased a truck specifically to provide snow and ice removal services on highways and roads.

4. On August 11, 2020, Cut It Out, LLC entered a contract with the STATE through KYTC

1
COMPLAINT FOR DAMAGES

to provide snow removal services in Owen County Kentucky for a period of seven years as an independent contractor.

5. The Agreement was scheduled to expire on April 15, 2027.

6. In exchange for CIO providing its goods and services KYTC was to compensate CIO $25,000 per year in the form of seven monthly instalments of $3,571.43 between November 1 and April 15 of each year.

7. In addition, KYTC was to compensate CIO at an hourly rate of $135 per hour for hauling and dispensing salt.

8. On February 12, 2021, KYTC cancelled the agreement between STATE and CIO and claimed that CIO did not have proper navigation equipment on its truck.

9. Being unable to utilize its new truck, in a frantic attempt to mitigate losses CIO agreed to lease the truck to a male-owned snow removal company at a significantly reduced rate.

10. KYTC approved the use of CIO's truck by the male-owned company and allowed it to pass inspection even though the navigation equipment was never installed.

11. KYTC allowed the male-owned company to work for the remainder of the snow and ice season without issue in the same capacity in which CIO had contracted with KYTC.

12. At the conclusion of the 2020-2021 snow and ice season KYTC offered multiple male-owned companies the opportunity to renew contracts at a higher rate of pay than what was offered to CIO, although the male-owned companies continued to operate trucks without navigation equipment.

13. The Sixth Circuit recognizes that Title VII of the Civil Rights Act of 1964 applies to women-owned independent contractors like CIO, who enter into goods and services agreements.

14. This action seeks judgment against the Defendant, the Commonwealth of Kentucky, and the Kentucky Transportation Cabinet, for compensatory and punitive damages and judgment against the Individual Defendants Jennifer Houchin and Brian Donnelly in their individual and/or personal capacity, in an amount to be determined by the jury.

## JURISDICTION

15. This action arises under Title 42 of the United States Code, Section 1983. As a result of Title 28 of the United States Code, Section 1331 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Owen Kentucky, which is within this judicial district. Title 28 of the United States Code Section 1391(b) confers venue upon this Court.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiff is required to comply with U.S Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") when filing a lawsuit for unfair treatment, harassment, and retaliation. Plaintiffs have exhausted all administrative remedies with the EEOC. Plaintiffs have also filed a timely complaint with KYTC's Office for Civil Rights and Small Business Development that the investigation was not completed in timely manner as required by policy.

17. Plaintiffs filed a claim with the EEOC Louisville Area Office sending a claim and letter. On August 4, 2021 (Exhibit A) the EEOC issued Plaintiffs a Notice of Right to Sue.

## PARTIES

18. Plaintiff CUT IT OUT, LLC (hereinafter referred to as "CIO") is and at all times herein mentioned is a limited liability company organized in the Commonwealth of Kentucky of the United States. At all relevant times herein, CIO has been a limited liability company in good standing in Kentucky. CIO's principal place of business is in Glencoe, Kentucky 41046. CIO is a highly reputable, woman-owned business that has performed work on a significant level.

19. Plaintiff Heather Haddix (hereinafter referred to as "Haddix") is a citizen of Kentucky

and has been a resident of Glencoe, Kentucky at all relevant times. Haddix is a woman and 100% owner of CIO.

20. Defendant Governor Andy Beshear (hereinafter referred to as "STATE") is and at all times mentioned herein serves as commander and chief of the Commonwealth of Kentucky, duly authorized to operate under the laws of the United States. Plaintiffs believe STATE is legally responsible and liable for the incident, injuries and damages herein set forth and caused damages because of its intentional and/or negligent actions and that STATE acted under the color of state law and is liable for the actions of its employees, through vicarious or imputed liability and *Respondiat Superior*.

21. Defendant Kentucky Transportation Cabinet (hereinafter referred to as "KYTC") is an agency of the Commonwealth of Kentucky organized and existing pursuant to Ky. Rev. Stat. § 174.012.

22. Defendant Jennifer Houchin (hereinafter referred to as "Houchin") is an employee with the Transportation Cabinet's Division of Purchasing and has at all relevant times herein acted under the color of state law.

23. Defendant Brian Donnelly (hereinafter referred to as "Donnelly") is an employee with the Transportation Cabinet's District 6 office and has at all relevant times herein acted under the color of state law.

24. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each defendant is legally responsible and liable for the incident, injuries and damages herein set forth. Each

defendant proximately caused injuries and damages because of his/her intentional and/or negligent actions, breach of duty, violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act of omission. PLAINTIFF will ask for leave to amend his complaint subject to further discovery.

25. In engaging in the conduct alleged herein, Defendants acted under the color of law and in the course and scope of their employment with STATE. In engaging in the conduct described herein, Defendants exceeded the authority vested in them under the United States and Kentucky Constitutions, and as employees of KYTC.

## STATEMENT OF FACTS

26. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, and national origin.

27. The STATE and KYTC receive federal funding.

28. Federal regulations condition STATE'S and KYTC'S receipt of federal highway funds on the STATE'S compliance with Title VII.

29. CIO is owned, operated, and controlled daily by Haddix a female American citizen.

30. Haddix is identifiable as a woman and therefore is a member of a protected class as defined under Title VII.

31. Haddix is the sole owner of CIO, which provides commercial and residential landscape maintenance and snow removal services.

32. In 2020 CIO purchased a truck to expand its services.

33. On August 11, 2020, CIO, by and through Haddix, entered into a standard goods and

services Master Agreement (hereinafter "Agreement") with STATE through KYTC.

34. The Agreement required CIO to provide snow removal and salting in Owen County.

35. The Agreement was scheduled to expire on April 15, 2027.

36. As required by the Agreement, CIO was to provide one tandem truck with a 12-foot plow.

37. In exchange of CIO providing goods and services KYTC was to compensate CIO $25,000 per year in the form of seven monthly instalments of $3,571.43 between November 1 and April 15 of each year.

38. In addition, KYTC was to compensate CIO at an hourly rate of $135 for hauling and dispensing salt.

39. The Agreement required that CIO's truck pass inspection.

40. In order to pass inspection CIO's truck was to be equipped with an Automatic Vehicle Location (AVL) system, which was to be provided by a KYTC vendor.

41. On August 25, 2020, Randi Feltner sent an email to Haddix explaining the process of the ordering and installing the AVL system, however; the email was sent to an outdated email address and was not received by Haddix.

42. On November 11, 2020, Ms. Haddix wrote KYTC requesting information regarding the AVL system for their truck.

43. On Tuesday November 17, 2020, the AVL system had yet to be provided by KYTC and Houchin of KYTC wrote Haddix requesting that she contact Randi Feltner.

44. On December 16, 2020, CIO's truck still had not passed inspection, but it was communicated by KYTC to CIO that it was not a concern because COVID-19 was causing delays in truck parts being available and therefore KYTC was allowing extra time for vendors to modify their equipment.

45. In reliance on the email sent on December 16, 2020, CIO purchased new equipment for its truck in preparation for the inspection.

46. On December 21, 2020, CIO sent a proof of purchase of the new equipment via email to KYTC.

47. KYTC approved the purchase.
48. January 6, 2021, CIO had still not received the correct parts for its AVL system from the KYTC vendor and emailed KYTC's vendor, Geotab, who confirmed that it would send the correct wiring harness by January 7, 2021.
49. The correct parts were never received by CIO or Haddix.
50. Donnelly, a Branch Manager for KYTC's District 6 communicated to CIO and Haddix that he would not allow his staff to pass the truck if it was brought for inspections because it lacked the AVL system.
51. However, Donnelly knowingly allowed his staff to passed trucks operated by male-owned companies without issue.
52. On February 2, 2021, KYTC emailed Haddix explaining that the Agreement would be terminated if CIO's truck did not pass inspection by February 10, 2021.
53. CIO never received the necessary parts for the AVL system and was unable to install it prior to February 10, 2021.
54. On February 12, 2021, KYTC cancelled the agreement between Kentucky and CIO.
55. Since the date of the cancelation KYTC has allowed for CIO's truck to be used by a male-owned company in the same capacity required of the Agreement although the truck is still not equipped with the AVL system.
56. KYTC has also knowingly offered multiple male-owned companies contract renewals although most of the trucks operating under similar agreements are not equip with AVL systems.
57. As a result of the acts of STATE, KYTC, Houchin, and Donnelly, CIO and Haddix were treated differently than their male counterparts.
58. The unfavorable treatment towards CIO and Haddix by Defendants resulted in significant financial harm.
59. To date KYTC failed to properly investigate this matter after multiple complaints and refuses to offer CIO a new contract.

## DAMAGES

60. Plaintiffs were harmed finically, mentally, and emotionally as a direct and proximate result of the actions of Defendants, including but not limited to: monetary damages from loss of employment, and emotional damage related to the stress from the financial hardship caused by Defendants.

61. Plaintiffs are entitled to recover damages pursuant to the pain and suffering endured as a result of this civil rights violations and the tortious acts by Defendants inclusive.

62. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. PLAINTIFFS are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION- TITLE VII

63. Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

64. Defendant's discrimination against Plaintiffs is in violation of the rights secured to her by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. as amended by the Civil Rights Act of 1991.

65. By the conduct described above, defendant intentionally violated the rights of Plaintiffs under Title VII.

66. . The Defendants' conduct has had an adverse impact against Plaintiffs and is neither job-related nor consistent with business necessity, and therefore violates the rights of Plaintiffs under Title VII.

67. As a result of the violation of Title VII, Plaintiffs are entitled to equitable and injunctive relief, including 'rightful place' and 'make whole' remedies and equitable monetary relief, to remedy and compensate for the effects of the unlawful actions.

68. In its discriminatory actions as alleged above, all Defendants have acted with malice and reckless indifference to the rights of the Plaintiffs as members of a protected class, thereby entitling Plaintiffs to an award of punitive damages.

69. Defendants' discrimination against Plaintiffs is in violation of the rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. as amended by the Civil Rights Act of 1991.

70. By the conduct described above, defendant intentionally violated the rights of Plaintiffs under Title VII.

## SECOND CAUSE OF ACTION-(42 U.S.C. § 1983)

72. Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

73. As a women, Haddix and CIO are members of a protected class. At all relevant times herein, Plaintiffs were in an employment relationship with STATE through KYTC within the meaning of 42 U.S.C. § 1983.

74. During the course of Plaintiff's employment, Defendants violated Plaintiff's rights by depriving Plaintiffs of their right to the enjoyment of the all benefits, privileges, terms and conditions of Plaintiff's employment contract " as is enjoyed by male citizens, in direct violation of 42 U.S.C. § 1983.

75. Specifically, Defendants subject Plaintiffs to sex discrimination, culminating in and end to her employment relationship with STATE and KYTC. This included wrongfully terminating Plaintiffs, offering Plaintiffs lower rates of pay and failing to investigate and prevent incidents or sex discrimination.

76. Through their actions and treatment of Plaintiffs, Defendants and their agents intend to discriminate against Plaintiff based on their sex.

77. Defendants' violations of the Civil Rights Act of 1866, caused Plaintiff to suffer harm as set forth above.

78. As a result of Defendants' unlawful acts, Plaintiffs are entitled to damages as set forth herein.

79. By reason of the conduct of Defendants as alleged herein, Plaintiffs have necessarily retained attorney to prosecute the present action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

80. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiffs; with the conscious disregard of the rights and safety of Plaintiffs; and with an improper and evil motive amounting to malice.

81. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION- WAGE DISCRIMINATION UNDER KRS 344.100

71. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

72. Plaintiffs CIO and Haddix are women and resident of Kentucky at all times covered by Kentucky Revised Statue 344.100, which prohibits an employer from discriminating in wages or conditions when made on the basis of sex.

73. Defendants were employers covered by Kentucky Revised Statue 344.100.

74. Plaintiffs were forced to endure financial injury because of Defendant's conduct. Defendants regularly compensated Plaintiffs less although Plaintiff held equal or more experience and then male counterparts.

75. During and prior to employment Defendants violated Plaintiff's rights by depriving Plaintiff of their right to the enjoyment of all benefits, privileges, terms and conditions of Plaintiff's employment contract "as is enjoyed by male citizens" in violation of Kentucky Revised Statue 344.100.

76.  As a result of Defendants unlawful acts, Plaintiffs are entitled to damages as set forth herein.

77. By reason of the conduct of Defendants as alleged herein, Plaintiffs have  necessarily retained attorney to prosecute the present action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

78. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights of Plaintiffs; and with an improper and evil motive amounting to malice.

79. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

80. WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### **FOURTH CAUSE OF ACTION- NEGLIGENCE**

81. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

82. In the alternative, Plaintiffs allege Defendants negligent actions and/or negligent failure to act within the scope and course of their employment with KYTC, as set forth hereinabove approximately caused severe financial, emotional and mental injury to PLAINTIFF.

83. The present action is brought pursuant to Kentucky Common Law. Defendants are public employees liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Houchin, Donnelly, and DOES 1-50 were acting within the course and scope of their employment and/or agency. As such, Defendants STATE and KYTC are liable in *respondeat superior* for the injuries caused by the acts and omissions of Houchin, Donnelly and DOES 1-50 pursuant to Kentucky Common Law.

84. As an actual and proximate result of said Defendants' negligence Plaintiffs sustained pecuniary loss resulting from the loss, in an amount to be determined at trial. WHEREFORE, PLAINTIFFS prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION- NEGILIGENT HIRING RETENTION & SUPERVISON

**(As to Plaintiffs; Against KYTC and Hochin)**

85. Plaintiff incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

86. Upon information and belief, Defendants, by and through its agents and employees, knew or reasonably should have known through reasonable investigation of some of its agents and/or employees' propensity for unlawful sex discrimination.

87. Defendants had a duty not to hire or retain these employees/agents given their wrongful, and offensive propensities, and to provide reasonable supervision of these employees/agents.

88. Defendants negligently hired, retained and/or failed to adequately supervise these employees/agents in their positions where they were able to commit the wrongful acts complained of here against Plaintiffs. Defendants failed to provide reasonable supervision of these employees/agents despite knowing of their propensities and complaints made against them.

89. As a direct and consequential result of Defendants' actions, Plaintiffs have suffered serious monetary harm and emotional distress to their persons. Such harm includes, but is not limited to, pain, anxiety, humiliation, anger, shame, embarrassment,

frustration, and fear. Plaintiffs Haddix as also suffered physical injury due to the stress and anxiety. Allege Defendants are responsible for the harm Plaintiffs suffered.

90. By reason of the conduct of Defendants as alleged herein, Plaintiffs have necessarily retained attorneys to prosecute the present action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

91. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiffs; with the conscious disregard of the rights and safety of Plaintiffs; and with an improper and evil motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, PLAINTIFFS prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

93. In the alternative, Plaintiffs alleges Defendants and DOES 1-50 negligent actions and/or negligent failure to act within the scope and course of their interaction , as set forth herein-above approximately cause severe physical, emotional and mental injury and serious emotion distress to Plaintiffs.

94. The present action is brought pursuant Kentucky Common Law. Kentucky Common

Law, as public employees, Houchin, Donnelly, and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Houchin, Donnelly and DOES 1-50 were acting within the course and scope of their employment and/or agency with STATE and KYTC. As such, Defendants STATE and KYTC are liable in *respondeat superior* for the injuries caused by the acts and omissions of Houchin, Donnelly and DOES 1-50 pursuant to Kentucky Common Law.

95. Defendants' negligence was a substantial factor in causing Plaintiffs serious emotional distress including both physical and emotional suffering, fright, nervousness, anxiety, worry, shock, humiliation, and shame.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## JURY DEMAND

**PLAINTIFFS hereby demands a jury trial**.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present and/or future wage loss, medical expenses and other special damages to be determined according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794(a);

For all other relief to which the Court deems just and proper.

**Dated: November 1, 2021**                              *Jamir Davis*
                                                         _____

                                                         Jamir Davis

                                                         Attorney for Plaintiffs

16
COMPLAINT FOR DAMAGES

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the foregoing document was sent via ECF email, to the this **1st** day of November, 2021:

*Jamir Davis*
_____
  Jamir Davis